HENDRICKS et al. v. HENDRICKS et al.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. WILLS—CONSTRUCTION—REPRESENTATION—DISTRIBUTION.

A will, after dividing testator's estate between his widow and three sons, provided that, in case either of the sons died before their mother, leaving lawful issue, the issue of such son should take by representation the share the parent would be entitled to if then living, and, in case of default of such issue, then the surviving sons should take equally the deceased son's share. The widow and all of the sons survived testator, but subsequently one son died without issue and another with issue. *Held*, that such issue was not entitled to a half of his deceased uncle's share, but that the entire share went to the surviving brother.

O'Brien and McLaughlin, JJ., dissenting.

Appeal from trial term, New York county.

Proceeding by Henry H. Hendricks against Henry S. Hendricks and others to obtain a construction of the will of Joshua Hendricks, deceased. From a judgment favorable to plaintiff, defendant Henry S. Hendricks appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Grosvenor Nicholas, for appellant.
Samuel Riker, Jr., for respondent.

LAUGHLIN, J. The object of the action is to obtain a construction of the will of Joshua Hendricks, who died on the 3d day

of June, 1893. After providing for the payment of his debts and cer-
tain legacies, the testator devised and bequeathed all the rest, residue,
and remainder of his estate to his executors, in trust to sell and con-
vert the same into cash, and to invest and keep the proceeds invested,
and to receive the interest and income and pay the same over as
therein provided. The question presented by the appeal relates to
the provisions with reference to the payment of this income and the
ultimate disposition of the principal under this residuary clause. At
the time the will was made the testator's three sons, his wife, and
mother-in-law were living; and he provided for all of them. The
wife survived, but the mother-in-law predeceased, the testator. In
that event he directed the payment of three-eighths of the principal
to his sons in equal shares. Prior to that time they were to receive
three-eighths of the income. He further directed that after the death
of his mother-in-law two-eighths of the income of the trust estate
be paid to his three sons during the life of his widow and three-
eighths of the income to the widow. During the life of his mother-
in-law he had provided for the payment of five-eighths of the income
to his widow. It will be observed that during the life of his mother-
in-law he had specifically provided for the payment of the entire in-
come, five-eighths to his widow and three-eighths to his sons, and
upon the death of the mother-in-law he directed the payment of three-
eighths of the principal to his sons. This left only five-eighths of the
principal, and subsequently during the life of the widow the specific
designation of the income was three-eighths to her and two-eighths
to his sons. It is evident that by these provisions he intended to dis-
pose of the remaining income, which was upon five-eighths of the
original trust fund, and we do not understand that this is questioned.
He then provided that upon the death of his wife the remaining five-
eighths of the principal should be paid to his three sons, share and
share alike. These provisions were contained in the fourth clause
of the will. Then follows the fifth clause, which provides as follows:

"In case of the decease of either of my said three sons before the decease
of their mother, leaving lawful issue, the issue of such deceased son shall take
by representation the share the parent would be entitled to if then living,
and, in case of default of such issue, then my said executors shall pay over
to my surviving sons, equally, the portion of said trust property herein be-
queathed to the son so dying without issue."

All of the sons survived the testator, but subsequently one of the
sons died without issue, and another died leaving issue,—the appel-
lant, who is an infant. The trial court held that the appellant takes
only one-third of the income of the remaining five-eighths of the
original trust estate, and will take at the death of the widow only
one-third of the principal; and that the testator's sole surviving son
takes the remaining two-thirds of the income, and after the death
of the widow, who is still living, will take two-thirds of the remain-
ing principal.

The appellant contends that he takes not only the third which his
father would have taken if living, but also one-half of the third which
his deceased uncle would take if living. We are of opinion that the
trial court properly construed the law. It was manifestly the inten-

tion of the testator that the issue of any son who should die before the widow should take during her lifetime the third of the two-eighths of the income, and at her death the third of the remaining principal previously and primarily devised to his parent; and that any son surviving a son dying without issue should take not only the interest previously and primarily devised to himself, but also the interest, including both principal and income, previously and primarily devised to such deceased brother. This construction gives full effect, we think, to all the language of the fifth clause of the will. The appellant, being the issue of a deceased son, takes the share that his parent would have taken if living; that is to say, the equal third share of the two-eighths of the income, and in the event of his surviving his grandmother, the testator's widow, one-third of the remaining five-eighths of the principal. It will be observed that the testator makes no provision for the disposition of the share of a deceased son dying without issue until after he has provided for the issue of deceased sons. The disposition then made of the interest of a son dying without issue is that it shall go "to the surviving sons equally." Were it not for this specific provision as to the interest of a son dying without issue, the appellant's father, even if living, would not take any interest therein by virtue of the will. In that event there would be intestacy as to such interest. The construction contended for by the appellant requires us to hold that these words "surviving sons" mean "surviving sons and the issue of any deceased son." This, we think, may not be done. This devise is only to surviving sons. Actual survival is essential to taking thereunder. The appellant's father cannot, by any construction, be held to be a "surviving" son.

It follows, therefore, that the judgment should be affirmed, with costs to the parties appearing, to be paid out of the estate.

VAN BRUNT, P. J., and PATTERSON, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to agree to the conclusion reached in the prevailing opinion. I do not believe the testator intended to make the disposition of his property there stated, nor do I believe that the language used in his will sanctions the construction put upon it. This language is:

"In case of the decease of either of my said three sons before the decease of their mother leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and, in case of default of such issue, then my said executors shall pay over to my surviving sons, equally, the portion of the trust property herein bequeathed to the son so dying without issue."

The son Edgar, it will be remembered, died on the 10th of December, 1894, leaving, him surviving, as his only issue, the appellant herein. The son Clifford died without issue on the 14th of January, 1901. The question presented is, what disposition did the testator make, under the clause of his will hereinbefore quoted, of so much of the corpus of his estate and the income therefrom as was given to Clifford? The plaintiff contends that upon the death of

Clifford without issue, he, as the surviving son of the testator, became entitled not only to the income of the share given to Clifford during the life of his mother, but on her death to the principal given to him. The appellant contends that he, as the son of Edgar, is entitled to share equally with the plaintiff, not only in the income during the life of his grandmother, but, upon her death, in the principal sum. That the appellant's contention is correct, seems to me to necessarily follow from the manifest intent of the testator as expressed by the language used in his will. If Edgar were living, I take it no one would seriously contend but what he would take equally with the plaintiff in the share or portion given to Clifford. If this be true, then 1 am unable to see why the son of Edgar does not occupy precisely the same position that he would have occupied had he lived. The will, as I read it, so declares; and, if we are to give effect to the words used, this must be done. These words are: "The issue of such deceased son shall take by representation the share the parent would be entitled to if then living." The words "would be entitled to if then living" look to the future, and express what the testator had in mind, viz., that at the time when the recipients of his bounty would become entitled to share in it some of those named might have died, and, if so, their issue, if any, were to step into their shoes. This, it seems to me, is not only a reasonable, but the logical construction, if effect is to be given to all of the words used. What the. testator desired was to treat all of his sons alike, and, if any of them should die, that their issue should take precisely what the son would have taken had he lived. Here Edgar, had he lived, would have taken one-half of what was given to Clifford, and, he having died prior to the death of Clifford, I think that the appellant stands in Edgar's place, and therefore is entitled to share equally with the plaintiff in that interest.

I am of the opinion that the judgment should be reversed, and a new trial ordered.

O'BRIEN, J., concurs.